IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLIE BULLOCK, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 3:17CV95–HEH
 )
DAVID CUFFLEY, *et al.*, )
 )
    Defendants. )

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)

Charlie Bullock, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action: (1) "is frivolous"; or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

*Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. BULLOCK'S COMPLAINT

This matter proceeds on Bullock's Particularized Complaint ("Complaint," ECF No. 15.)[2] As background, in January 2017, Bullock was convicted in the Richmond City Circuit Court of being a felon in possession of a firearm, use of a firearm second offense, and malicious wounding. *Commonwealth v. Bullock*, Nos. CR15F03934–00, CR15F04982–00, CR15F04983–00 (Va. Cir. Ct. Jan. 6, 2017).[3] In his Complaint,

---

[2] The Court utilizes the pagination assigned by the CM/ECF docketing system to Bullock's Complaint.

[3] *See* http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (select "Richmond City Circuit Court" from drop-down menu and follow "Begin" button; type "Bullock, Charlie," and then

3

Bullock alleges that the named Defendants[4] discriminated against him and violated his various constitutional rights during his criminal proceedings. (Compl. 10–13). Among other claims, Bullock alleges violations of the Fifth[5] and Sixth[6] Amendments. (*Id.* at 13.) Bullock requests that the Court grant him "relief of $75,000,000 on [his] class action claims," and "$40,000,000 on [his] individual claims." (*Id.*)

## III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). It is both unnecessary and inappropriate to engage in an extended discussion of Bullock's

---

follow "Search by Name" button; then follow hyperlinks for "CR15F03934-00," "CR15F04982-00," and "CR15F04983-00").

[4] Bullock names as Defendants: David Cuffley, investigator with the Richmond City Police (Compl. 12); Edward Nickel, Commonwealth's Attorney (*id.*); Kim Mooney, detective with the Richmond City Police (*id.* at 10); Megan Jones, firearms expert who "testified during [Bullock's] trial" (*id.* at 9); Richmond City Circuit Court Judge Joi Jeter-Taylor (*id.* at 10); Johnathan Issics, the "doctor who done [sic] the surgery on the victim" (*id.* at 8); Kevin Shork, Bullock's defense attorney (*id.* 3); Brent Jackson, Bullock's defense attorney (*id.* at 4); Johnathan O'Connor, a court-appointed defense attorney (*id.* at 4); John Mann, Bullock's defense attorney (*id.* 9); and, Richmond Juvenile and Domestic Relations District Court Judge Angela Edwards Roberts. (*Id.* at 5.)

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[6] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

4

theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Bullock's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

### A. Judicial Immunity

Judges are absolutely immune from suit under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions to absolute judicial immunity exist: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this case.

Bullock contends that Judge Jeter-Taylor and Judge Roberts violated his due process rights. (Compl. 2, 5.) Specifically, Bullock contends that Judge Roberts held a preliminary hearing without Bullock being present and that he "was convicted in [Judge

5

Jeter-Taylor's] courtroom and the victim ... didn't testify ... which is a violation of [his] due process rights." (*Id.* at 2, 5.) Bullock alleges that as a result, he was "wrongfully convicted by Judge Taylor." (*Id.* at 3.) Bullock fails to allege that Judge Jeter-Taylor and Judge Robert's conduct falls under either exception to judicial immunity. Bullock does not allege that their conduct amounted to a non-judicial action or that any of these Defendants acted in the complete absence of all jurisdiction. Because Judge Jeter-Taylor and Judge Roberts are entitled to judicial immunity, Bullock's claims against them will be dismissed.

### B. Commonwealth's Attorney

Bullock also names Edward Nickel, "the prosecutor on his case," as a Defendant. (Compl. 1.) Bullock alleges that Nickel violated his due process rights by prosecuting him without the victim taking the stand as a witness. (*Id.* at 1–2.) Bullock specifically requests monetary damages as a result of Nickel's alleged conduct. (*Id.* at 2.) Prosecutorial immunity bars Bullock's claims against Nickel for monetary damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial

6

proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273.

In his Complaint, Bullock faults Nickel for prosecuting him despite the victim not taking the witness stand. (Compl. 1–2.) Bullock fails to allege, however, that Nickel's actions were taken outside of his role as advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Therefore, Bullock's claims for damages against Nickel will be dismissed.

C. **Defense Attorneys**

Bullock also names as Defendants Kevin Shork, Bullock's privately retained defense attorney (Compl. 3), Brent Jackson, another privately retained defense attorney (*id.* at 4), Johnathan O'Connor, a court-appointed defense attorney (*id.* at 4), and John Mann, yet another defense attorney. (*Id.* at 9.)

However, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when

7

representing clients). Therefore, Bullock's claims against Defendants Shork, Jackson, O'Connor, and Mann will be dismissed.

### D. Remaining Defendants and Claims

Finally, Bullock names as Defendants David Cuffley, investigator with the Richmond City Police (Compl. 12), Megan Jones, firearms expert who "testified during [Bullock's] trial" (*id.* at 9), Kim Mooney, detective with the Richmond City Police (*id.* at 10), and Johnathan Issics, the "doctor who done [sic] the surgery on the victim." (*Id.* at 8.) Bullock alleges that these individuals violated his constitutional rights and specifically requests monetary damages as a result. (*Id.* at 1, 2.)

While not well-articulated, Bullock clearly seeks the invalidation or vacatur of his criminal convictions. However, the basic premise behind Bullock's allegations, that he can vacate or alter his criminal convictions and obtain monetary damages stemming from his purportedly improper incarceration through a civil lawsuit, "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

8

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court has extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In *Balisok*, the Supreme Court concluded that a challenge based upon the purported bias of the decision-maker, necessarily implied the invalidity of the sanction imposed by the decision-maker and thus was subject to the bar announced in *Heck*. *Id*. The Supreme Court summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

In his Complaint, Bullock alleges that Defendant Cuffley perjured himself as a witness and failed to adequately investigate his case. (Compl. 1, 12.) Likewise, Bullock alleges that Defendants Jones, Mooney, and Issics committed perjury at his trial. (*Id.* at 2, 3.) Success on these claims against Defendants Cuffley, Jones, Mooney, and Issics would necessarily imply the invalidity of Bullock's conviction and sentence. Because

9

Bullock does not allege that the state court has invalidated his current convictions, his claims against Defendants Cuffley, Jones, Mooney and Issics are frivolous. *See Wilkinson*, 544 U.S. at 81–82; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that writ of habeas corpus is the sole federal remedy when an inmate challenges the fact of imprisonment and relief sought is finding that the inmate is entitled to release); *see also Waters v. Lake City Police Ofc. John Stewart*, No. 4:15–cv–04143–RBH–TER, 2016 WL 3876588, at *1 (D.S.C. July 18, 2016) (concluding plaintiff's § 1983 claims were barred by *Heck* where he alleged that perjury resulted in his indictment and conviction). Bullock's claims against Defendants Cuffley, Jones, Mooney, and Issics are barred by *Heck* and therefore will be dismissed without prejudice.

Moreover, Bullock appears to have filed this action, not in good faith to vindicate his legal rights, but instead maliciously to harass those who were involved in securing his conviction. Therefore, the Court will dismiss this action as malicious. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (observing that where "the tone of all the Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against Defendants and not to rectify any wrong done to him, then the suit is a MALICIOUS one." (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C. 1987))).

## IV.  CONCLUSION

For these reasons, Bullock's claims against Defendants Jeter-Taylor, Roberts, Nickel, Shork, Jackson, O'Connor, and Mann will be dismissed with prejudice.

Bullock's claims against Defendants Cuffley, Jones, Mooney and Issics will be dismissed without prejudice as legally frivolous.

The action will be dismissed as malicious. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 25, 2018
Richmond, Virginia